**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cold Stone Creamery, Inc., | |
| Plaintiff, | No. CV-12-1011-PHX-PGR |
| vs. | |
| Cynthia and Frank Caperino, | ORDER |
| Defendants. | |

In a Petition to Compel Arbitration filed on May 15, 2012, the plaintiff alleges that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Having reviewed the complaint, the Court finds that the citizenship-related jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction.[1]  The Court will therefore require the plaintiff to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule

---

[1] The Court notes that it is not making any ruling through this Order as to whether the plaintiff has properly alleged that the amount in controversy meets the requirement of 28 U.S.C. § 1332(a).

is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

The existence of diversity jurisdiction is not evident from the face of the complaint inasmuch as the complaint fails to properly allege the citizenship of the defendants, who are merely alleged to be "living in California." This is insufficient as a matter of law because what is required is an allegation of citizenship, not of residency. *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.") The plaintiff must affirmatively set forth the citizenship of each individual defendant in the amended complaint.

The plaintiff is advised that its failure to timely or sufficiently comply with this Order will result in the dismissal of this action for lack of subject matter jurisdiction.  Therefore,

IT IS ORDERED that the complaint in this action is dismissed for lack of

1 subject matter jurisdiction.

2 IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint properly stating a jurisdictional basis for this action no later than **May 25, 2012**.

IT IS FURTHER ORDERED that the plaintiff shall immediately provide a copy of this order to any defendant already served with process.

DATED this 16th day of May, 2012.

Paul G. Rosenblatt
United States District Judge